MASTERSON, Ex., &c., vs. ELLINGTON.

1. When an appeal is taken from the judgment of a justice of the peace, after the day of trial, and notice of such appeal is given to the appellee, it is irregular to try the cause at the return term. And if judgment be rendered at the return term against the appellee, such judgment will be set aside at any subsequent term.

2. To entitle the appellee to set aside such judgment, notice must be given to the appellant.

APPEAL from Platte Circuit Court.

JONES & EDWARDS, *for Appellant, insist:*

1. That at the time the court below set aside the judgment and reinstated the case on the docket, Hunter was dead, and that no administration had at that time been granted on his estate, and he could not therefore have had notice of the action of the court; and that therefore the court below had no power to set aside the judgment and reinstate the case. 9 Mo. R., 363, Caldwell vs. Lockridge.

2. That a court has no power at a subsequent term to set aside a judgment duly entered at a prior term thereof.

3. That the bill of particulars filed in this cause is insufficient, because it does not apprise the defendant of the cause of action.

4. That the evidence offered by the plaintiff and objected to by the defendant ought to have been excluded by the court.

5. That the court erred in overruling the motions of the defendant in this case.

SCOTT, J., *delivered the opinion of the Court.*

Ellington sued Hunter in a justice's court on an account, and recovered a judgment. After the day on which the judgment was rendered, Hunter appealed to the Circuit Court, but failed to give notice of his appeal to Ellington, in consequence of which, Ellington not appearing in the Circuit Court, was nonsuited. After the term in which the nonsuit was entered, Ellington moved the court to set it aside, for the reason that he had no notice of the appeal. This motion was sustained. At the time of this action of the court, Hunter was dead. The suit was afterwards revived in the name of Masterson, the executor of Hunter.— After this revival of the suit, Masterson moved to vacate the order setting aside the nonsuit, on the ground of the death of his testator and the want of notice. This motion was overruled, and a trial being had on the merits, Ellington recovered a judgment for $1 55-100. The defence was a certificate of bankruptcy. Evidence whether the items of the

account were contracted before or after the application for the benefit of the bankrupt law was submitted to the jury. Objections were taken to the account filed with the justice, but no motion was made for a bill of particulars.

The case of Caldwell vs. Lockridge, 9 Mo. Rep., 362, has no application to this case. It is very true, that after the term at which a judgment is rendered, that judgment for the error of the court cannot be altered or amended. But when there is an error of fact, such as was formerly corrected by writ of error, *coram vobis*, and which made the proceedings irregular, for that irregularity, a judgment might be revoked at a subsequent term. The effect of a writ of error *coram vobis* is now in practice in most cases obtained by a motion. The judgment against Ellington being irregular, was subject to be set aside; and if notice of the motion for that purpose had been given, it would have been properly set aside. But, inasmuch as Masterson, the executor of Hunter, had the propriety of the action of the court in setting aside the nonsuit contested in his motion to vacate that order, and as that motion was in reality a rehearing of the former motion, and as this Court sees that if this judgment is reversed for the want of notice of the first motion, and a new trial ordered, it must result as it has already resulted, there can be no pretence for its interference. Why reverse this judgment for not giving notice of the motion to set aside the nonsuit, when it clearly appears that that motion, on notice given, must be sustained?

The evidence of the indebtedness of the defendant, and the time of its accruing, was properly left to the jury. If the account of the plaintiff did not sufficiently apprise the defendant of the nature of his claim, he might have had a bill of particulars.

The other Judges concurring, the judgment will be affirmed.